FILED
United States Court of Appeals
Tenth Circuit

June 7, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JESUS MORALES-MEDEL,

        Defendant - Appellant.

No. 13-6039
(D.C. Nos. 5:10-CR-00327-F-4 and
5:12-CV-01367-F )
(D. W.D. Okla.)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Jesus Morales-Medel seeks to appeal from the denial of his untimely 28 U.S.C. §

2255 motion for post-conviction relief.[1]  As no judge would debate the propriety of the

denial, his request for a certificate of appealability (COA) is unavailing.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Morales-Medel pled guilty, under a plea agreement, to two felony counts relating

to a conspiracy to distribute heroin.  On July 7, 2011, he was sentenced to 210 months

imprisonment.   He did not appeal.    Then, on December 10, 2012, proceeding pro se, he

---

[1]  His request for a COA was also denied, as was his request to appeal without
prepayment of fees.  He has renewed both requests in this court.

filed this § 2255 motion. The motion alleged a variety of constitutional errors, but lacked factual or legal specificity.

Because the motion appeared to be untimely under the one-year limitation period applicable to § 2255 motions, *see* 28 U.S.C. § 2255(f), the district judge required Morales-Medel to show cause why it should not be dismissed. In response, Morales-Medel claimed a § 2255 motion could be filed "at any time." (Doc. 252 at 1.) As the authorities he relied on predate the enactment of the one-year limitation period in the Antiterrorism and Effective Death Penalty Act of 1996, the judge dismissed his motion as untimely and denied a COA.

## II.    DISCUSSION

A COA is a jurisdictional prerequisite to our review of a motion for post-conviction relief under 28 U.S.C. § 2255. 28 U.S.C. § 2253(a), (c)(2); *United States v. Gonzalez,* 596 F.3d 1228, 1241 (10th Cir. 2010). We issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And, when the district court denies the § 2255 motion on procedural grounds, the applicant has the further responsibility of showing reasonable jurists could find the correctness of the district court's procedural ruling to be debatable. *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006).

Although we have construed his pleadings liberally, *see Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003), Morales-Medel has not come close to making the required showing. Indeed, his COA application focuses on the merits of his claims rather than the motion's timeliness. His only timeliness response is to allege

"the tolling gateway case law that the defendant submitted in his motion" was overlooked. (Appellant Br. 4.)    We have reviewed all of his filings and perceive no error in the district judge's assessment.  His conviction became final when the time for filing a notice of appeal expired on July 21, 2011.    A § 2255 motion was due no more than one year later.[2]  *See* 28 U.S.C. § 2255(f)(1).  His December 10, 2012, motion was not timely.

We DENY Morales-Medel's application for a COA and DISMISS the matter. Because he has not shown "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised," *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir.1991), we also DENY his motion to proceed without prepayment of costs and fees.  Any unpaid amounts of the filing and docketing fees are now due.


**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[2] Although there are exceptions which allow, under certain special circumstances, a prisoner to file a § 2255 motion outside this one year period, *see* 28 U.S.C. § 2255(f)(2) to (f)(4); *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (discussing equitable tolling), Morales-Medel does not claim any of these special circumstances apply.